UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY L. KALAMAS,

    Plaintiff,

v.                                      Case No. 8:23-cv-1738-KKM-NHA

GINA M. RAIMONDO, as Secretary,
U.S. DEPARTMENT OF COMMERCE

    Defendant.
_____/

## **ORDER**

Plaintiff's motion for entry of Clerk's default (Doc. 15) is denied without prejudice, because Plaintiff has not demonstrated that she properly served the Defendant.

On September 4, 2023, Plaintiff Kelly Kalamas filed this employment discrimination action alleging violations of § 717 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). Plaintiff alleges that while working as a special agent criminal investigator at the U.S. Department of Commerce (the "Department"), she experienced discrimination, a hostile work environment, and retaliation. Doc. 1, pp. 1-4.

On November 30, 2023, the Court noted Plaintiff's failure to prove service on the Defendant within ninety days of filing this action, and ordered Plaintiff to prove service no later than December 7, 2023 or risk dismissal of

the suit. Doc. 11. Plaintiff filed proof of service on December, 1 2023. Doc. 13. The Defendant did not appear to defend, and now Plaintiff moves for entry of Clerk's default (Doc. 15).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

To serve a United States agency, or a United States officer or employee who is sued in only an official capacity, a party must:

1. "[S]end a copy of the summons and of the complaint by registered or certified mail to the agency. . . officer, or employee"; *and*

2. "[S]erve the United States."

FED. R. CIV. P. 4(i)(2). Here, Plaintiff has not demonstrated service on the Defendant in compliance with FED. R. CIV. P. 4(i)(2).

<u>Mail to the Secretary of Commerce</u>

First, Plaintiff was required to mail process to the Defendant. Federal regulations require that "any summons or complaint to be served in person or by registered or certified mail . . . on the Department, a component or the

Secretary or Department employee in their official capacity, shall be served on the General Counsel of the United States Department of Commerce, Washington, DC." 15 C.F.R. § 15.3.

Plaintiff delivered a copy of the summons and complaint by registered mail to the Department's General Counsel. 15 C.F.R. § 15.3; Doc. 13. A UPS tracking record indicates that the documents arrived on September 14, 2023. Doc. 13-1.[1]

Plaintiff has satisfied one of her service obligations under Rule 4(i)(2).

### Service on the United States

However, Plaintiff was also required, under Rule 4(i)(2) to serve the United States. To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk; or

   (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

---

[1] Plaintiff further states that she served: (1) the return of service, (2) proof of service, and (3) her motion for Clerk's default on the Defendant. Docs. 12, 13, and 15.

3

> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

FED. R. CIV. P. 4(i)(1).

Plaintiff does not demonstrate that she completed any of the steps necessary to serve the United States. Thus, she has not demonstrated proper service on the Defendant in accordance with Rule 4(i)(2).

For this reason, Plaintiff's motion for clerk's default, (Doc. 15), is **DENIED** without prejudice.

Plaintiff is directed to demonstrate service in compliance with the Federal Rules, on or before February 26, 2024, or risk dismissal of the case. *See* FED. R. CIV. P. 4 ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

ORDERED on February 5, 2024.

*[signature: Natalie Hirt Adams]*
NATALIE HIRT ADAMS
United States Magistrate Judge